[No. 5775.]

## MOODIE v. ALKIRE.

1.   Trial—General Finding—A general finding will be construed to extend to and include every fact necessary to support the judgment given thereon.—(434-435)

2.   Corporation—Liability of Directors—Directors of a corporation are liable individually to one, upon whom, by their neglect of their duties, opportunity has been given to an agent of the corporation to practice a fraud.—(435)

*Appeal from Denver District Court*—Hon. JOHN I. MULLINS, Judge.

Mr. J. E. ROBINSON, for appellant.

Mr. WILLIAM H. ANDREW, for appellee.

Mr. JUSTICE BAILEY delivered the opinion of the court:

This was an action by Mellie E. Alkire, plaintiff in the court below, appellee here, against the directors of the Torrey Exploration Company, of which the appellant, Robert R. Moodie, was a member, and one of the defendants in the court below, to recover the sum of $800.00 with interest from May 15th, 1904.

The cause was tried to the court without a jury,

resulting in a judgment, upon a general finding by the court of the issues joined in favor of the plaintiff, against all the members of the board of directors, including the appellant, who alone now brings that judgment here for review.

The record presents the sole question as to whether the plaintiff had, in the first instance, a valid claim against the Torrey Exploration Company as such. If yes, then the liability of the directors is undoubted, and the propriety of the present judgment beyond question. The liability, if any, of the directors, grows out of their failure to make annual statutory reports, such failure being admitted.

The facts are that George L. Torrey, the treasurer and manager of the company, on May 15, 1904, accepted from the appellee, on behalf of the company, for collection, a note belonging to her, upon which there was then due $828.00, the payment of which was secured by a real estate mortgage. When the note and mortgage were turned over to Torrey he gave therefor a receipt as follows:

"May 15, 1904. Received of L. L. Alkire, note for $800.00 and $28.00 on Vernon N. Stairs and mortgage, for collection.

"The Torrey Exploration Company,

"George L. Torrey."

The receipt shows conclusively that Torrey purported to act for the company from the first. He receipted for the note and mortgage on its account, which receipt, on its face, shows that the note was taken by the company for collection. The record further shows that the proceeds thereof were passed to the credit of the company, at the Central Savings Bank, Denver, and were from time to time checked out by the company, acting through Torrey, its treasurer, who appears to have had full authority over its

account. True it is that $400.00 was ostensibly borrowed on these papers by Torrey personally, long before the actual collection occurred, but this $400.00 went at once to the company's credit with the bank, and the balance thereof was credited when the collection was finally made.

The contention of appellant is that the transaction was a purely personal and private one between Torrey on the one hand and appellee, Mrs. Alkire, on the other; that the company had no real or actual interest in the matter, one way or another, and received no benefit, profit or advantage whatsoever from the transaction; that the proceeds of the collection were all used by Torrey to pay and discharge personal debts and liabilities. The trial court heard the testimony, saw the witnesses face to face and found the issues generally for the plaintiff. That there was abundant testimony to support such finding cannot be doubted. There is no disputed question here as to the application of the law to the court's finding of facts. Upon the record the court must have found that the company contracted to, and in fact did, collect the money for the appellee, and that it is bound to account therefor. In other words, that there was and is in fact a valid claim in favor of the plaintiff, Mrs. Alkire, and against the company. The court must further have found that the appellant, after the collection had been made, promised on account of the company of which he was president, to pay and discharge the claim, thereby acknowledging the debt, and to the extent that he might do so, ratifying the alleged acts of the company, done through Torrey, in connection with the entire transaction. The court must have further found, from the facts disclosed and the record in the case, that the company, by its conduct, is estopped to deny authority in Torrey to do the acts which he did, and

thus bind the company, and such conclusion by the trial court also finds ample support in the testimony adduced. Respecting the contention made by the appellant, that the acts of Torrey, in attempting through the company to do the class of business which he did, were without and beyond the scope of authority of the company as limited by its articles of incorporation, it is sufficient to say that the trial court must have found, upon the facts disclosed, that the company is not in position to avail itself of this objection, because of the manner in which it permitted its agent to conduct its business, and the facts were sufficient, in our view of the case, to warrant that finding too.

If anyone is to suffer from the supposed wrongful acts of Mr. Torrey, if such there were, it surely should be the company itself and its board of directors, by whose negligent conduct, in failing to give to the company affairs the care and attention which they required, such wrongful acts were made possible, rather than innocent third parties, dealing with the company in good faith, through its duly accredited agent.

The facts were resolved against the appellant by the court below. No legal reason is presented for overturning that conclusion. It is a well-settled rule of this court, that the findings of the trial court, when supported by competent testimony, are binding here. The result reached appearing to be fair and just, upon the peculiar facts of this case, and warranted as matter of law, the judgment ought to be affirmed, and it is so ordered.          *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE WHITE concur.